# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.P.**

**No. 19-1092** (Raleigh County 18-JA-141-B)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.P., by counsel Amy A. Osgood, appeals the Circuit Court of Raleigh County's September 25, 2019, order terminating her parental rights to J.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, John F. Parkulo, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2018, the DHHR filed an abuse and neglect petition against petitioner and the father alleging chronic substance abuse, as well as educational neglect of the child. The circuit court held an adjudicatory hearing in August of 2018, during which petitioner stipulated to the allegations of substance abuse and educational neglect as contained in the petition. The circuit court accepted the stipulation and adjudicated petitioner as an abusing parent. Also, the circuit court granted petitioner a post-adjudicatory improvement period, the terms of which required petitioner to participate in adult life skills classes and individualized parenting sessions, submit to random drug screening, and exercise supervised visitations. Review hearings were held in November of 2018 and January of 2019, wherein the DHHR reported that petitioner had not complied with the terms and conditions of her improvement period, due to her failure to comply

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

with drug screening, adult life skills classes, and individualized parenting sessions. In March of 2019, the circuit court held a status hearing. The DHHR reported that petitioner's case plan was amended to add the requirement that she seek gainful employment and attend outpatient substance abuse classes in addition to her participation in random drug screening. The circuit court then extended petitioner's improvement period. However, by June of 2019, the DHHR moved to terminate petitioner's improvement period based upon her lack of compliance with adult life skills classes, parenting sessions, and random drug screening.

The circuit court held the final dispositional hearing in September of 2019. During that hearing, the DHHR argued that petitioner had not complied with the terms and conditions of her improvement period. Specifically, the DHHR presented evidence that since April of 2018, petitioner only attended three out of forty-eight scheduled drug screens and tested positive for methamphetamine for those three drug screens. Further, petitioner missed more than half of her adult life skills classes and individualized parenting sessions, had not obtained gainful employment, and failed to take full advantage of supervised visitations with the child. The circuit court found that there was "no reasonable likelihood that the conditions of neglect and abuse can be remedied" and terminated petitioner's parental rights by its September 25, 2019, order. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative. However, petitioner cannot cite to any authority that would entitle her to relief. According to petitioner,

> [a] parent has the natural right to the custody of his or her children, and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment,

---

[2]The father currently retains his parental rights and proceedings against him are ongoing. According to the DHHR, the permanency plan for the child is adoption by the paternal grandparents.

or other dereliction of duty . . . the right of the parent to the custody of his or her infant child will be recognized by the courts.

Syl., *State ex rel. Kiger v. Hancock*, 153 W. Va. 404, 168 S.E.2d 798 (1969). What petitioner fails to recognize, however, is that she was found to be unfit during the proceedings below by virtue of her stipulation to being an abusing parent, which finding she does not challenge on appeal. As such, the lone authority to which petitioner cites entitles her to no relief.

Even more critically, petitioner fails to take the meager step of attempting to argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner has precluded any relief on appeal by failing to identify any alleged error on the part of the circuit court in imposing termination of her parental rights. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base its finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6) (2019),[3] circuit courts may terminate parental rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). On appeal, the only support petitioner provides for her argument is that a service provider testified that she believed it was in the child's best interests to continue having a relationship with petitioner. However, petitioner fails to cite to the record to corroborate this self-serving claim.[4] Moreover, even assuming that the provider testified as petitioner claims, the opinion of one individual regarding whether the child should continue to have a relationship with petitioner is not determinative of whether the termination of petitioner's parental rights was in error. This is especially true in light of the overwhelming evidence that termination of petitioner's parental rights was necessary for the child's welfare, which included her complete failure to address her substance abuse and failure to complete individualized parenting sessions and adult life skills classes. Accordingly, we find that petitioner is entitled to no relief.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

[4]According to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, the argument within a petitioner's brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Petitioner's argument in support of her lone assignment of error fails to comply with this rule.

and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6) (2019)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

Accordingly, the circuit court's September 25, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

4